IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUMBO TECHNOLOGY CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| EVOLUTION US LLC, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Jumbo Technology Co., Ltd. ("Plaintiff" or "Jumbo"), by and through its undersigned counsel, for its Complaint against defendant Evolution US LLC ("Evolution"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action, pursuant to 35 U.S.C. § 271, for infringement of U.S. Patent No. 9,646,459 (the "'459 Patent"; attached as **Exhibit A**), which describes an apparatus that randomly generates dynamic raised odds to increase interest, participation, and betting in gambling games such as Roulette, Baccarat, and Dice, in a manner that continues to provide overall profitability for the casino or "the House" (the "Randomly Generated Dynamic Raised Odds" feature).

## THE PARTIES

2. Plaintiff Jumbo is a Taiwanese company with its principal place of business at 6 F.-5,6 F.-3,6 F.-2,6 F.-1, No. 210, Gongyequ 38th Rd., Xitun Dist., Taichung City 407277, Taiwan (R.O.C.).

3. Founded in 2000, Jumbo is a premier gaming supplier in Asia. Jumbo has utilized its groundbreaking Randomly Generated Dynamic Raised Odds feature in various games, including sic bo (dice), baccarat, and roulette.

4. Jumbo is the owner by assignment of the '459 Patent and owns all rights, title, and interest in and to the '459 Patent, including all rights to sue for infringement thereof.

5. Upon information and belief, defendant Evolution is a Delaware limited liability company with a registered agent at 1209 North Orange Street, Wilmington, Delaware 19801, and a principal place of business at 500 Boardwalk, Atlantic City, New Jersey 08401.

6. Upon information and belief, Evolution provides casino games offered through online gambling operators. Evolution's games, including, e.g., Lightning Roulette and Red Door Roulette, exploit Jumbo's innovative and patented Randomly Generated Dynamic Raised Odds feature (without authorization or a license from Jumbo) and, as a direct result, have become extremely popular and financially successful. Evolution's Lightning Roulette games include: Live Dealer Lightning Roulette, DigiWheel Land-Based Casino Automated Lightning Roulette, DigiWheel Land-Based Casino Lightning Roulette, Evolution First Person Lightning Roulette, Live Dealer Evolution Lightning Roulette, Evolution XXXtreme Lightning Roulette, Evolution Live Dealer Gold Vault Roulette and Ezugi Live Dealer Ultimate Roulette. Upon information and belief, Evolution's Red Door Roulette incorporates features from Lightning Roulette, including a real-time multiplier rewards feature. Other Evolution Lightning games include Evolution's Lightning Baccarat and Lightning Dice games. Evolution's Lightning Baccarat games include: Evolution First Person Baccarat, Evolution First Person Golden Wealth Baccarat, Evolution First Person Lightning Baccarat, Evolution First Person Prosperity Tree Baccarat, Evolution First Person XXXtreme Lightning Baccarat, Evolution Live Dealer Golden Wealth Baccarat, Evolution

Live Dealer Lightning Baccarat, Evolution Live Dealer Prosperity Tree Baccarat, and Evolution Live Dealer XXXtreme Lightning Baccarat.  Additionally, Evolution's Lightning Dice games include: Evolution First Person Super Sic Bo, Evolution Live Dealer Instant Super Sic Bo, Evolution Live Dealer Lightning Dice, Evolution Live Dealer Lightning Sic Bo, Evolution Live Dealer Super Sic Bo, and Ezugi Live Dealer Ultimate Sic Bo.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States.

8. This Court has personal jurisdiction over Evolution because it is a limited liability company organized under the laws of Delaware and is therefore subject to general personal jurisdiction in Delaware.  Evolution additionally has systematic and continuous contacts in this judicial district, regularly transacts business within this district, and regularly avails itself of the benefits of this district.  For example, Evolution has been active in Delaware since at least early 2024, including conducting online gaming.  Further, since the summer of 2024, Evolution has been offering one or more of its infringing products, including at least Lightning Roulette, at all three of Delaware's online casinos: Delaware Park Casino, Bally's Dover Casino Resort, and Harrington Raceway & Casinos.  Since May 2025, these same casinos have offered Evolution's Red Door Roulette.  Upon information and belief, Evolution holds Delaware-issued lottery licenses in order to legally offer these games at the three Delaware casinos.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) because Evolution resides in Delaware.

## BACKGROUND

10. The '459 Patent is entitled "Incentive apparatus for gambling game systems." It was duly issued by the United States Patent and Trademark Office on May 9, 2017.

11. The sole inventor of the '459 Patent is Tien-Shu Hsu ("Hsu"), the former Chairman of Jumbo. On January 23, 2024, Mr. Hsu assigned the '459 Patent to Jumbo.

12. As set forth in the '459 Patent, traditional gambling games have standard odds that are fixed and static, with relatively low return-to-player values. As a result, players often are easily bored, frustrated by losing money fast, and become discouraged by the perceived unfairness of the game, and as a result cease playing or do not play for long. *See* '459 Patent at Column 1, lines 35-40.

13. The invention claimed in the '459 Patent solves this problem by providing a game system that dynamically raises certain odds of winning during game play. *Id.* at lines 50-52. The claimed invention is a significant advancement and improvement to games such as roulette, baccarat, and dice. The result of the innovation claimed in the '459 Patent is that players are more engaged, play longer, and derive more enjoyment from a system that converts the standard, static game structure to an exciting, dynamic, and less-predictable game. In the online gambling context, the addition of a dynamic raised odds calculation element has transformed games from the traditional model that seeks to imitate physical gaming to a system that adds excitement and unpredictability to the outcome. Thus, the '459 Patent presents a solution to a nagging problem – namely that players become bored and disengage with the conventional gaming technology, resulting in fewer players and lost revenue.

14. The '459 Patent describes and claims improvements to gaming technology. *See, e.g.,* '459 Patent at Column 1, line 50 to Column 2, line 16; Column 3, lines 13-47, Claim 1. In

the examples provided, *id.* at Column 2, line 48 to Column 4, line 5 and Figs. 2-9, the underlying improvement takes the form of Randomly Generated Dynamic Raised Odds with the caveat that the odds of payout are controlled or reduced so that the House does not lose money.

15. One such example involves roulette. In traditional roulette, a bet on an individual number pays fixed odds of 35:1 if the ball lands on that number. However, as described in the '459 Patent, if the Randomly Generated Dynamic Raised Odds selects a chosen number, a player who bets on that number would receive an enhanced payout. For example, the dynamic raised odds choosing module randomly selects a bet on number 35 for a potential enhanced payout:



Fig. 8



'459 Patent, Figs. 8-9. If the ball lands in the 35 pocket of the wheel, the dynamic raised odds choosing module replaces the standard 35:1 payout with an enhanced 42:1 payout. As a result, the payout module awards the player 4,300 credits, rather than the original 3,600 credits. Any winning bets that are not selected by the Randomly Generated Dynamic Raised Odds are paid out at the original payout odds.

16. Another example provided by the '459 Patent is baccarat:



6



'459 Patent, Figs. 2, 5.  As described in relation to Figs. 2 and 5 above, the dynamic raised odds choosing module randomly selects the Player Pair bet as a game result for application of Randomly Generated Dynamic Raised Odds.  If the player's first two cards dealt are a winning pair, the dynamic raised odds choosing module replaces the standard 11:1 payout odds with enhanced 13:1 Randomly Generated Dynamic Raised Odds for the 100-credit Player Pair bet.  As a result, the payout module awards the player 1,400 credits, rather than the original 1,200 credits.  Any winning bets that do not receive Randomly Generated Dynamic Raised Odds are paid out at original payout odds.

17.   For baccarat, the novel Randomly Generated Dynamic Raised Odds calculation element randomly selects a game result that transforms the payout odds from the conventional "1 wins 11" to raised payouts of 1 wins 12, 1 wins 13, 1 wins 14, and 1 wins 15, but does so with reduced corresponding probabilities of 80%, 17%, 2%, and 1%, respectively so the House does not lose money despite the increased payout. A second baccarat example provides for the player potentially hitting a "jackpot" with 1 wins 12, 1 wins 14, 1 wins 20 and 1 wins 30, with reduced

corresponding probabilities of 90%, 8%, 1.5% and .05% respectively, so the House does not lose money despite the increased payouts. *See* '459 Patent at Column 3, lines 27-40.

18. Another example provided by the '459 Patent is sic bo (dice):





'459 Patent, Figs. 6-7.  As described in relation to Figs. 6-7, the dynamic raised odds choosing module randomly selects the Specific Triple bet on number 5 as a game result for application of Randomly Generated Dynamic Raised Odds, among other bets.  If each of the three dice shows 5 on the roll, the dynamic raised odds choosing module replaces the standard 190:1 payout odds with enhanced 280:1 Randomly Generated Dynamic Raised Odds for the 100-credit Specific Triple bet.  As a result, the payout module awards the player 28,100 credits, rather than the original 19,100 credits.  Any winning bets that do not receive Randomly Generated Dynamic Raised Odds are paid out at the original payout odds.

19.    No matter the game, raised returns and reduced associated odds can be used as long as the player's return ratio is kept below 100%. *Id.* The Randomly Generated Dynamic Raised Odds element operates in real time during game play, thus increasing the excitement around the potential of winning more than the standard odds specified by a conventional gaming system. The novel innovation presented in the '459 Patent provides a compelling advancement in gaming systems and technology that results in player engagement and overall game excitement, while

9

reducing corresponding probabilities to ensure the House does not lose money over the long term, despite the higher payouts.

20. The '459 Patent improves upon conventional gaming through its implementation of a dynamic raised odds module, which, as recognized during prosecution, is not found in the prior art.

21. By letter to Evolution and one of its parent companies dated June 17, 2024, Jumbo alerted Evolution of the infringement, and offered to license the '459 Patent to Evolution for a reasonable royalty.

22. Evolution replied by letter dated July 24, 2024, requesting additional information regarding the '459 Patent.

23. By letter to Evolution dated August 27, 2024, Jumbo provided further information regarding the infringement, and again suggested that the parties engage in discussions to negotiate a reasonable royalty.

24. Evolution replied by letter dated September 30, 2024, vaguely denying any and all liability and refusing to engage in any licensing or royalty discussions.

25. To date, Evolution has not agreed to engage in any such discussions, let alone agree to a reasonable royalty.

26. Instead, with actual knowledge of its infringement, Evolution has continued to willfully, deliberately, and intentionally infringe the '459 Patent.

**COUNT I: INFRINGEMENT OF THE '459 PATENT**

27. Jumbo realleges and incorporates by reference the allegations set forth in the above paragraphs as though fully set forth herein.

28. As outlined in the infringement claim chart attached as **Exhibit B**, Evolution has infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '459 Patent by making, using, selling, or offering for sale in the United States, infringing products, including Evolution's Lightning games, such as Lightning Roulette, as well as games incorporating Lightning Roulette's real-time multiplier rewards feature such as Evolution's Red Door Roulette, in violation of 35 U.S.C. § 271(a).

29. Evolution's infringement of the '459 Patent is without the consent or other authority of Jumbo.

30. Evolution has had actual knowledge of the '459 Patent since at least June 17, 2024. In infringing the '459 Patent, Evolution's actions are willful, deliberate, and intentional and render this an exceptional case under 35 U.S.C. § 285.

31. Evolution's acts of infringement of the '459 Patent have caused and will continue to cause Jumbo damages for which Jumbo is entitled to compensation pursuant to at least 35 U.S.C. § 284.

## COUNT II: INDIRECT INFRINGEMENT OF THE '459 PATENT

32. Jumbo realleges and incorporates by reference the allegations set forth in the above paragraphs as though fully set forth herein.

33. As alleged above, Evolution's Lightning games, including Lightning Roulette as well as games incorporating Lightning Roulette's real-time multiplier rewards feature such as Evolution's Red Door Roulette, infringe at least one or more claims of the '459 Patent.

34. Upon information and belief, Evolution has intentionally induced, and will continue to intentionally induce, others, including casinos, game operators, and players, to make, use, sell and/or offer for sale the Lightning games, including Lightning Roulette as well as games

incorporating Lightning Roulette's real-time multiplier rewards feature such as Evolution's Red Door Roulette, in a manner that infringes at least one or more claims of the '459 Patent, either literally or under the doctrine of equivalents. Evolution directly advertises the Lightning games, such as Live Dealer Lightning Roulette, and Red Door Roulette to casinos and game operators to encourage and induce them to make, use, sell and/or offer for sale, the Lightning games, such a Live Dealer Lightning Roulette, and Red Door Roulette in their casinos in the United States.

35. For example, Evolution promoted its Lightning Roulette games, including Live Dealer Lightning Roulette, at the Global Gaming Expo, which is held annually in Las Vegas, Nevada, in 2024. The Global Gaming Expo is widely attended by the global gaming community, including representatives from casinos and gaming operators, and is used by vendors, including Evolution, to promote their products.

36. Online casino operators are offering the Lightning games, such as Live Dealer Lightning Roulette, and Red Door Roulette on their platforms for players to use and thus directly infringe one or more claims of the '459 Patent. Upon information and belief, Evolution has supplied and continues to supply all or a portion of the Lightning games, such as Live Dealer Lightning Roulette, in states where Evolution holds licenses, including Connecticut, Delaware, Michigan, Pennsylvania, New Jersey, and West Virginia. Upon information and belief, Evolution has supplied and continues to supply all or a portion of Red Door Roulette in at least Delaware and New Jersey.

37. Evolution has had actual knowledge of the alleged infringement of the '459 Patent since at least June 17, 2024. Moreover, Evolution has either known that the induced acts constituted infringement of all of the limitations of at least one claim of the '459 Patent or has

taken deliberate actions to avoid learning that the induced acts constituted infringement of the '459 Patent.

38. Evolution's infringement of the '459 Patent is without the consent or other authority of Jumbo.

39. The foregoing actions by Evolution constitute, and will continue to constitute, induced infringement of one or more claims of the '459 Patent in violation of 35 U.S.C. § 271(b).

40. Evolution's acts of infringement of the '459 Patent have caused and will continue to cause Jumbo damages for which Jumbo is entitled to compensation pursuant to 35 U.S.C. § 284.

41. This case is exceptional and, therefore, Jumbo is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Jumbo respectfully requests judgment from this Court as follows:

A. The entry of judgment that Evolution has infringed, literally or under the doctrine of equivalents, and/or induced infringement of the '459 Patent in violation of 35 U.S.C. § 271(a) and/or (b);

B. The entry of a judgment ordering Evolution to pay damages adequate to compensate Jumbo for Evolution's infringement of the '459 Patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

C. The entry of judgment that Evolution's infringement of the '459 Patent was willful;

D. A judgment ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

E. A judgment declaring that this is an exceptional case and awarding Jumbo its reasonable attorney fees pursuant to 35 U.S.C. § 285;

13

    F.      A judgment awarding Jumbo the costs of this action; and

    G.      A judgment awarding Jumbo such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Jumbo hereby demands trial by jury for all causes of action, claims, or issues that are triable as a matter of right to a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

Gerry Silver
SULLIVAN & WORCESTER LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 660-3096

Kimberly B. Herman
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800

May 29, 2025

Rodger D. Smith II (#3778)
Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
began@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiff*