# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUMBO TECHNOLOGY CO., LTD.,<br><br>        Plaintiff,<br><br>v.<br><br>EVOLUTION US LLC,<br><br>        Defendant. | Court No. 1:25-cv-00660-JCG |

## OPINION AND ORDER

[Granting in part and denying in part Defendant's Motion to Dismiss.]

Dated: January 22, 2026

Rodger D. Smith, II, Brian P. Egan, and Cameron P. Clark, Morris, Nichols, Arsht & Tunnell LLP, of Wilmington, DE; Gerry Silver, Sullivan & Worcester LLP, of New York, N.Y.; Kimberly B. Herman and Ryan M. Rosenblatt, Sullivan & Worcester LLP, of Boston, MA. Attorneys for Plaintiff Jumbo Technology Co., Ltd.

Dana K. Severance, Womble Bond Dickinson (US) LLP, of Wilmington, DE; Barry J. Herman and Julie C. Giardina, Womble Bond Dickinson (US) LLP, of Baltimore, MD; Matthew K. Blackburn, Womble Bond Dickinson (US) LLP, of San Francisco, CA. Attorneys for Defendant Evolution US LLC.

   Choe-Groves, Judge:  Plaintiff Jumbo Technology Co., Ltd. ("Plaintiff" or "Jumbo Tech.") filed this case against Defendant Evolution US LLC ("Defendant" or "Evolution") alleging infringement of U.S. Patent Number 9,646,459 ("'459

Patent" or "Asserted Patent"). Compl. (D.I. 1); see U.S. Patent Number 9,646,459 ("'459 Patent") (D.I. 1-1).

Before the Court is Defendant Evolution US LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) ("Motion to Dismiss") (D.I. 13). See Def. Evolution US LLC's Opening Br. Supp. Mot. Dismiss Pursuant Fed. R. Civ. P. 12(B)(6) ("Def.'s Br.") (D.I. 14). Plaintiff opposed the motion, and Defendant filed a reply brief. Pl.'s Answering Br. Opp'n Def.'s Mot. Dismiss ("Pl.'s Resp. Br.") (D.I. 16); Def. Evolution US LLC's Reply Br. Supp. Mot. Dismiss Pursuant Fed. R. Civ. P. 12(B)(6) ("Def.'s Reply Br.") (D.I. 17).

For the reasons discussed below, Defendant's Motion to Dismiss is granted in part and denied in part.

## BACKGROUND

Jumbo Tech. is a premier gaming supplier company with its principal place of business in Taiwan. Compl. at ¶¶ 2–3. Jumbo Tech. implements its randomly generated dynamic raised odds feature in various games such as sic bo (a dice game), baccarat, and roulette. Id. at ¶ 3. Jumbo Tech. is the owner by assignment of all rights, title, and interest in the '459 Patent. Id. at ¶ 4. The '459 Patent was issued by the United States Patent and Trademark Office on May 9, 2017, and is titled "Incentive apparatus for gambling games systems." Id. at ¶ 10. Traditional gambling games have standard odds with low return-to-player values, which can

discourage or frustrate players and result in decreased playing times. Id. at ¶ 12; '459 Patent at 1:35–40. The innovation claimed in the '459 Patent is a game system that raises certain odds of winning during game play, which encourages players, drives player engagement, and results in longer playing times. Compl. at ¶ 13. Therefore, the '459 Patent claims solutions and improvements to gaming technology. Id. at ¶¶ 13–14.

Jumbo Tech. alleges that Evolution is a Delaware company that provides casino games offered through online gambling operators. Id. at ¶¶ 5–6. Jumbo Tech. alleges that its randomly generated dynamic raised odds feature is utilized in many of Evolution's games, such as Lightning Roulette and Red Door Roulette. Id. at ¶ 6. Jumbo Tech. alleges that it sent a letter to Evolution on June 17, 2024, alerting Evolution of infringement and offering to license the '459 Patent for a reasonable royalty. Id. at ¶ 21. The Parties exchanged several letters but did not reach agreement on any licensing or reasonable royalty arrangements. Id. at ¶¶ 22–25.

Jumbo Tech. filed its Complaint in May 2025, alleging direct and induced infringement of the '459 Patent and seeking monetary damages. Id. at ¶¶ 27–41.

On August 4, 2025, Evolution filed its Motion to Dismiss Jumbo Tech.'s Complaint, arguing that Jumbo Tech. failed to allege sufficient facts to support its

claims for direct and induced infringement of the Asserted Patent. Def.'s Mot. to Dismiss; see generally Def.'s Br. The Parties did not request oral argument.

## LEGAL STANDARD

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, which grant the Court jurisdiction over civil actions relating to patents, plant variety protection, copyrights, and trademarks. 28 U.S.C. §§ 1331, 1338.

Federal Rule of Civil Procedure 8(a) requires that pleadings contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(1). If pleadings fail to state a claim, in whole or in part, on which a court may grant relief, a defendant may seek to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal ("Iqbal"), 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly ("Twombly"), 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." Id. In considering a motion to dismiss, the Court must assume the factual allegations contained in the complaint to be true and draw all reasonable inferences in favor of the non-moving

party. Twombly, 550 U.S. at 555–56. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Iqbal, 556 U.S. at 678.

In patent infringement cases, allegations of infringement are governed by the Iqbal/Twombly pleading standard. Golden v. Apple Inc., 819 F. App'x 930, 930–31 (Fed. Cir. 2020). There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim. Bot M8 LLC v. Sony Corp. of America ("Bot M8"), 4 F.4th 1342, 1353 (Fed. Cir. 2021).

## DISCUSSION

### A.   Direct Infringement (Count I)

Liability for direct infringement arises when a party "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent[.]" 35 U.S.C. § 271(a). To plead direct infringement, a plaintiff must recite "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." Bot M8, 4 F.4th at 1353. "[A] plaintiff cannot assert a plausible claim for infringement under the Iqbal/Twombly standard by reciting the claim elements and merely concluding that the accused product has those elements." Id. To satisfy the Iqbal pleading standard in a patent

case, "[s]pecific facts are not necessary[.]" Disc Disease Sols. Inc. v. VGH Sols., Inc., 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quotation omitted). The complaint needs to only give a defendant "fair notice of what the [infringement] claim is and the ground upon which it rests." Id. (quotation omitted).

Defendant argues that Count I should be dismissed because the factual allegations in the Complaint do not provide sufficient notice of what products infringe the '459 Patent. Def.'s Br. at 8–13. Defendant contends that the pleading standard depends partly on whether a "simple" or "complex" technology is involved and avers that cases involving "simple technology" require the allegations in the complaint to identify the accused products, provide information akin to including photos of the products, and allege that the accused products meet each element of at least one claim of the asserted patent. Id. at 8–9 (citing Boston Sci. Corp. v. Nevro Corp., 415 F. Supp. 3d 482, 490 n.2 (D. Del. 2019); Disc Disease Sols. Inc., 888 F.3d at 1260).

Plaintiff contends that the Complaint pled direct infringement adequately. Pl.'s Resp. Br. at 11–16. Plaintiff avers that pleading direct infringement of a class of products is permissible, and that providing exemplary lists of products rather than exhaustive lists can be sufficient when the pleadings detail the claim allegedly infringed, at least one accused product and its infringing feature, and specific examples of the class of products also alleged to contain the infringing feature. Id.

at 11–13 (discussing ProMOS Techs., Inc. v. Samsung Elecs. Co., Ltd., No. 18-307-RGA, 2018 WL 5630585 (D. Del. Oct. 31, 2018) and Philips v. ASUTeK Comput. Inc., C.A. Nos. 15–1125–GMS, 15–1126–GMS, 15–1127–GMS, 15–1128–GMS, 15–1130–GMS, 15–1131–GMS, 15–1170–GMS, 2016 WL 6246763, at *3–4 (D. Del. Oct. 25, 2016)).

The Court does not agree with Defendant that there is a heightened pleading standard for patent infringement complaints. In Disc Disease Sols. Inc., the United States Court of Appeals for the Federal Circuit ("CAFC") noted that the case involved "a simple technology," but did not distinguish a simple technology from a complex technology or otherwise discuss how that type of distinction would alter the pleading standard under Iqbal/Twombly. Disc Disease Sols. Inc., 888 F.3d at 1260. The plaintiff in Disc Diseases Sols. Inc. identified three accused products by name, attached photos of the product packaging, and alleged that the accused products met "each and every element of at least one claim of the [asserted patents]." Id. (quoting the plaintiff's complaint). While the allegations were deemed sufficient to defeat a motion to dismiss, the CAFC did not establish that the plaintiff's allegations amounted to the minimum level of specificity required for patent infringement claims. See id. Rather, the CAFC maintained that the Iqbal/Twombly plausibility standard does not require specific facts, but merely enough to give a defendant notice of the claim and to permit the court to draw a

reasonable inference that the defendant is liable.  Id.  In line with that standard, the court in Boston Sci. Corp. held that a plaintiff failed to provide fair notice of infringement when the complaint did not connect any elements of the asserted claims to the specific components of the accused systems, or explain how the 144 pages of attached materials provided such a connection.  Boston Sci. Corp., 415 F. Supp. 3d at 489–90.  Courts in this District have also held that pleading an exemplary product may be sufficient to satisfy the pleading requirements of Rule 12(b)(6) if the complaint identifies at least one product and infringing feature sufficiently and alleges that a class of products also contains the infringing feature(s).  See ProMOS Techs., Inc., 2018 WL 5630585, at *2–3.

     In the Complaint, Plaintiff alleges that Evolution's Lightning Roulette and Red Door Roulette products utilize a real-time multiplier rewards feature that is akin to the randomly generated dynamic raised odds feature claimed in the '459 Patent.  Compl. at ¶ 6.  Exhibit B of the Complaint is a claim chart that provides an analysis of how Evolution's Lightning Roulette game infringes each element of Claim 1 of the '459 Patent.  See Compl., Ex. B (D.I. 1-1).  Plaintiff alleges upon information and belief that other products incorporate Lightning Roulette's real-time multiplier rewards, including Live Dealer Lightning Roulette, DigiWheel Land-Based Casino Automated Lightning Roulette, DigiWheel Land-Based Casino Lightning Roulette, Evolution First Person Lightning Roulette, Live Dealer

Evolution Lightning Roulette, Evolution XXXtreme Lightning Roulette, Evolution Live Dealer Gold Vault Roulette and Ezugi Live Dealer Ultimate Roulette. Id. at ¶ 6. Plaintiff alleges that Red Door Roulette features the same real-time multiplier rewards feature from Lightning Roulette, and that Evolution offers a class of Lightning games, including Lightning Baccarat and Lightning Dice games. Id. The Lightning Baccarat games include Evolution First Person Baccarat, Evolution First Person Golden Wealth Baccarat, Evolution First Person Lightning Baccarat, Evolution First Person Prosperity Tree Baccarat, Evolution First Person XXXtreme Lightning Baccarat, Evolution Live Dealer Golden Wealth Baccarat, Evolution Case Live Dealer Lightning Baccarat, Evolution Live Dealer Prosperity Tree Baccarat, and Evolution Live Dealer XXXtreme Lightning Baccarat. Id. The Lightning Dice games include Evolution First Person Super Sic Bo, Evolution Live Dealer Instant Super Sic Bo, Evolution Live Dealer Lightning Dice, Evolution Live Dealer Lightning Sic Bo, Evolution Live Dealer Super Sic Bo, and Ezugi Live Dealer Ultimate Sic Bo. Id.

  The Court concludes that Plaintiff has met the Iqbal/Twombly standard to defeat a motion to dismiss, and has pled direct infringement against Evolution sufficient to proceed to discovery because Jumbo Tech. identified Evolution's Lightning Roulette game and the real-time multiplier rewards feature that allegedly infringes Claim 1 of the '459 Patent. A detailed claim chart for Lightning Roulette

explained how the game infringes each limitation of Claim 1, and the Complaint connected the allegedly infringing feature to a class of other Evolution Lightning games and the Red Door Roulette game. The Court concludes that Jumbo Tech.'s Complaint has provided Evolution with fair notice of infringement, and the Court denies Evolution's Motion to Dismiss Count I of the Complaint.

    **B.    Induced Infringement (Count II)**

In resolving whether indirect infringement is pled properly, the Court must first determine whether Plaintiff sufficiently alleged direct infringement of the Asserted Patent. See In Re Bill of Lading Transm'n and Processing Sys. Patent Litig., 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("It is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement.") (internal quotation marks omitted). As discussed above, Plaintiff has pled direct infringement adequately, and the Court proceeds to examine the indirect infringement claim.

To plead induced infringement under 35 U.S.C. § 271(b), a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement. Lifetime Indus., Inc. v. Trim-Lok, Inc., 869 F.3d 1372, 1379 (Fed. Cir. 2017); see also 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer."). A plaintiff is required to allege facts

supporting a reasonable inference that the defendant had knowledge of the patent-in-suit. Global-Tech Appliances, Inc. v. SEB S.A. ("Global-Tech"), 563 U.S. 754, 764–66 (2011). "[U]nlike direct infringement, the patentee must show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." Microsoft Corp. v. DataTern, Inc., 755 F.3d 899, 904 (Fed. Cir. 2014) (citing Global-Tech, 563 U.S. at 764–66). Without knowledge of infringement, there is not enough to establish liability for induced infringement. See Global-Tech, 563 U.S. at 765–66. The Supreme Court reaffirmed its holding in Global-Tech and clarified that proof of induced infringement requires not only knowledge of the patent, but also proof that the defendant "knew as well that 'the induced acts constitute patent infringement.'" Commil USA, LLC v. Cisco Sys., Inc., 575 U.S. 632, 640 (2015) (citing Global-Tech, 563 U.S. at 766).

Specific intent is a distinct element from the knowing inducement of infringing acts. "A party asserting a claim of induced infringement must plead facts plausibly demonstrating that there has been direct infringement, and that 'the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent.'" Tonal Sys., Inc. v. ICON Health & Fitness, Inc., No. 20-cv-1197-LPS, 2021 WL

1785072, at *3 (D. Del. May 5, 2021) (quoting Vita-Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1328 (Fed. Cir. 2009)).

If actual knowledge is not adequately pled, a patentee can establish knowledge of patent infringement by alleging that the defendant was willfully blind, which requires showing that the defendant: (1) subjectively believed that there was a high probability that the induced acts constituted infringement; and (2) took deliberate actions to avoid learning of that fact. Global-Tech, 563 U.S. at 769.

Defendant argues that Plaintiff failed to allege actual knowledge of infringement or specific intent to induce infringement. Def.'s Br. at 14. Defendant avers that the Complaint alleges that Jumbo Tech. put Evolution on notice by sending the infringement letters, but the letters were not filed with the Complaint and cannot provide a basis for alleging actual knowledge of infringement. Id. at 14–15. Defendant asserts that because Plaintiff failed to allege facts indicating that Evolution had knowledge of the '459 Patent and any infringing activities, Jumbo Tech.'s remaining allegations regarding Evolution's advertising and marketing activities do not indicate an intent to induce infringement. Id. at 16–17. Defendant contends that the Complaint also fails to allege that Evolution was willfully blind to patent infringement because there are no allegations that Evolution took

deliberate action to avoid confirming a high probability of infringing the '459 Patent. Id. at 15.

Plaintiff's Response Brief included a copy of the June 17, 2024 and August 27, 2024 notice of infringement letters ("the Letters") referenced in the Complaint, and Plaintiff requests that the Court take judicial notice of these documents. Pl.'s Resp. Br. at 17–18; Ex. A (D.I. 16-1); Ex. B (D.I. 16-2). Plaintiff argues that the Letters support its allegations of actual knowledge because the Letters identified the '459 Patent and explained how certain Evolution games infringed several claims. Id. at 18–19. Plaintiff contends that because actual knowledge is pled adequately, the remaining allegations concerning Evolution's advertising, promotion, and provision of the Lightning games are sufficient to allege the specific intent element of its induced infringement claim. Id. at 20–21.

The Court agrees that the notice of infringement letters are relevant to the Complaint, and will consider them in reaching its determination. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Church of Universal Broth. v. Farmington Twp. Supervisors, 296 F. App'x 285, 288 (3d Cir. 2008) ("In reviewing a facial attack, which addresses a deficiency in the pleadings, we must only consider the allegations on the face of the complaint, taken as true, and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff.").

The June 17, 2024 letter provided Defendant with a copy of the '459 Patent, and proposed entering into a business arrangement "concerning certain technology embodied in Evolution's Lightning Roulette products (including in its live dealer and first person forms), among others." Pl.'s Resp. Br., Ex. A at 2. The letter did not define "certain technology" further, or identify any claims allegedly infringed or explain how Evolution's games read on the limitations of the claims. The August 27, 2024 letter identified the features of Live Dealer Lightning Roulette, first-person Lightning Roulette, and land-based casino Lightning Roulette that Jumbo Tech. understood to read on the '459 Patent, and included a claim chart with an element-by-element analysis of Evolution's Lightning Roulette game against Claims 1, 3, 5–8, 10, 12, and 13 of the '459 Patent. Pl.'s Resp. Br., Ex. B at 2–16. The letter stated that the analysis in the claim chart was equally applicable to First Person Lightning Roulette and land-based casino Lightning Roulette, and noted that other non-roulette games from Evolution would benefit from a licensing agreement. Id. at 4.

Plaintiff and Defendant acknowledge that a party's knowledge of a patent and its potentially infringing activities may be found to exist as of the date of a notice letter when the letter identifies an accused product and explains how it infringes certain claims of the asserted patent and reads on the limitations of the claims. Pl.'s Resp. Br. at 19–20 (citing Cleveland Med. Devices Inc. v. ResMed

Inc., 696 F. Supp. 3d 4, 12 (D. Del. 2023) (discussing the insufficiency of pre-suit correspondence that failed to identify the accused products, the patent and claims allegedly infringed, and explain why the accused product read on the claims' limitations)); Def.'s Reply Br. at 6 (citing Cleveland Med. Devices Inc., 696 F. Supp. 3d at 12).  Even accepting Jumbo Tech.'s allegations in the Letters as true, the Court finds that Evolution obtained pre-suit knowledge of infringement by August 27, 2024, rather than June 17, 2024 as alleged in the Complaint, because the June 17, 2024 letter alerted Defendant only to the existence of the '459 Patent and lacked any further facts or allegations that could support an inference that Defendant had knowledge of infringement.  See Compl. at ¶ 37; Commil USA, LLC, 575 U.S. at 640 (citing Global-Tech, 563 U.S. at 766).

Defendant contends that permitting Plaintiff to amend the Complaint to correct the date would be futile because the August 27, 2024 letter did not identify the accused products exhaustively.  Def.'s Reply Br. at 8–9.  The Court does not agree.  If Plaintiff were to amend its Complaint to reference the August 27, 2024 letter, the amended complaint would be sufficient to support a claim of induced infringement.  The Court concludes that the use of exemplary products in the August 27, 2024 notice letter was sufficient to provide Defendant with fair notice of the allegedly infringing technology and relevant claims of the '459 Patent.  See Pl.'s Resp. Br., Ex. B.  Plaintiff's August 27, 2024 notice letter advised Defendant

that a technology license may be warranted for other Evolution products beyond the three games discussed specifically by way of example in the notice letter.  Id. The Court understands this statement as referencing the same allegedly infringing technology and claims of the '459 Patent that Plaintiff discussed earlier in the letter, and the Complaint does not allege infringement of any additional patents, nor does it allege infringement of any new claims of the '459 Patent that Defendant was not given notice of previously.

The Complaint also alleges that Defendant demonstrated a specific intent to induce infringement by offering the Lightning games to casinos, game operators, and players that could make, use, or sell the games.  Compl. at ¶ 34.  Plaintiff alleges that Evolution offered its Lightning games on Evolution's platform for players to use, and provided all or some of the games in states where Evolution holds licenses, such as Connecticut, Delaware, Michigan, Pennsylvania, New Jersey, and West Virginia.  Id. at ¶ 36.  As an example of advertising, Plaintiff alleges that Evolution promoted the Lightning Roulette games at the 2024 Global Gaming Expo in Las Vegas, Nevada, which was used by game vendors to promote their products and was attended by representatives from casinos and gaming operators.  Id. at ¶ 35.

Taken together, the factual allegations in the Complaint create a plausible basis to infer that Defendant had knowledge of the Asserted Patent and notice of its

potential infringement, and proceeded to induce infringement of the '459 Patent. The only flaw in the Complaint is that the date on which Plaintiff alleged that Defendant received knowledge of infringement is two months earlier than is plausible. See id. at ¶ 37. If the date were to be corrected in an amended complaint, Plaintiff's induced infringement claim would be pled sufficiently because Plaintiff's amended complaint based on the August 27, 2024 date would otherwise provide enough facts "'to raise a reasonable expectation that discovery will reveal evidence' to support plaintiff's allegations," which is all that the plausibility standard requires of Plaintiff at this stage. Nalco Co. v. Chem-Mod, LLC, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting Twombly, 550 U.S. at 556). Accordingly, the Court grants in part and denies in part Defendant's Motion to Dismiss Count II of the Complaint, and grants Plaintiff leave to amend its Complaint.

## CONCLUSION

Upon consideration of Defendant's Motion to Dismiss (D.I. 13), and all other papers and proceedings in this action, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (D.I. 13) is granted in part and denied in part; and it is further

**ORDERED** that Plaintiff shall amend its Complaint (D.I. 1) on or before February 5, 2026.

IT IS SO ORDERED this 22nd day of January, 2026.

          /s/ Jennifer Choe-Groves
          Jennifer Choe-Groves
          U.S. District Court Judge[*]

---

[*] Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.