IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JUMBO TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>EVOLUTION US LLC, and<br>EVOLUTION MALTA LIMITED,<br><br>Defendants. | ) | C.A. No. 25-660 (JCG)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF JUMBO TECHNOLOGY CO., LTD.'S ANSWER TO COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant Jumbo Technology Co., Ltd. ("Jumbo"), by and through its undersigned counsel, hereby submits its Answer to Defendant and Counterclaimant Evolution US LLC's ("Evolution US") Counterclaims filed on August 14, 2026 (D.I. 68). Each of the paragraphs below corresponds to the same numbered paragraphs in Evolution US's Counterclaims. Jumbo denies all allegations in the Counterclaims that are not specifically admitted below. Jumbo further denies that Evolution US is entitled to the relief requested in the Counterclaims or any other relief.

## PARTIES[1]

1. Jumbo admits that Evolution US purports to be a Delaware limited liability company with a registered agent at 1209 North Orange Street, Wilmington, Delaware 19801, and a principal place of business at 500 Boardwalk, Atlantic City, New Jersey 08401.

2. Jumbo admits that it is a Taiwanese company with its principal place of business at 6 F.-5,6 F.-3,6 F.-2,6 F.-1, No. 210, Gongyequ 38th Rd., Xitun Dist., Taichung City 407277, Taiwan (R.O.C.).

## JURISDICTION AND VENUE

3. Jumbo admits that Evolution US has filed declaratory judgment counterclaims under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Jumbo denies any remaining allegations in Paragraph 3 of Evolution US's Counterclaims.

4. Jumbo admits that this Court has subject matter jurisdiction over this action.

5. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jumbo denies the allegations in

---

[1] For reference, Jumbo repeats the headings set forth in Evolution US's Counterclaims to signify comparison of the Counterclaim and this Answer. Jumbo makes no admission regarding the substance of the headings or any other allegation of the Counterclaims.

Paragraph 5, except that Jumbo admits that there is an actual controversy concerning Evolution's infringement of the '459 Patent, but denies that Evolution US has any valid claim of non-infringement, invalidity, and unenforceability.

6. Jumbo does not contest personal jurisdiction in this District for purpose of this action only. Jumbo denies any remaining allegations in Paragraph 6.

7. Jumbo does not contest that venue is proper in this District for purposes of this action only.

**COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '459 PATENT**

8. Jumbo incorporates by reference each of its responses to Paragraphs 1-7 as if fully set forth herein.

9. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jumbo denies the allegations in Paragraph 9, except that Jumbo admits that there is an actual controversy concerning Evolution's infringement of the '459 Patent,[2] but denies that Evolution US has any valid claim of non-infringement.

---

[2] As set forth in Jumbo's August 14, 2026 Third Supplemental Disclosure of Asserted Claims and Infringement Contentions, the accused Evolution Products currently include Lightning Roulette (Live Dealer Version and First Person Version), Ezugi Ultimate Auto Roulette (Live Dealer Version), Red Door Roulette (Live Dealer Version); Super Sic Bo (Live Dealer Version, Live Dealer Instant Version, and First Person Version), Lightning Dice (Live Dealer Version), and XXXtreme Lightning Roulette (Live Dealer Version and First Person Version).

10. Jumbo admits the allegations in Paragraph 10.

11. Jumbo denies the allegations in Paragraph 11.

12. Jumbo admits that Evolution US purportedly seeks to obtain a judgment declaring that Evolution US has not infringed the '459 Patent, but Jumbo denies that Evolution US is entitled to any such relief.

**COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF THE '459 PATENT**

13. Jumbo incorporates by reference each of its responses to Paragraphs 1-12 as if fully set forth herein.

14. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jumbo denies the allegations in Paragraph 14, except that Jumbo admits that there is an actual controversy concerning Evolution's infringement of the '459 Patent, but denies that Evolution US has any valid claim of invalidity.

15. Jumbo admits the allegations in Paragraph 15.

16. Jumbo denies the allegations in Paragraph 16.

17. Jumbo denies the allegations in Paragraph 17.

18. Jumbo admits that Evolution purportedly seeks to obtain a judgment declaring that the '459 Patent is invalid, but Jumbo denies that Evolution US is entitled to any such relief.

**EVOLUTION'S PRAYER FOR RELIEF**

Jumbo denies that Evolution US is entitled to any judgment, remedy, or relief against Jumbo, including any order granting relief in any of the forms requested in parts (a) – (g).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Cameron P. Clark*

Rodger D. Smith II (#3778)
Brian P. Egan (#6227)
Cameron P. Clark (#6647)
J. Layne Lancaster (#7616)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
began@morrisnichols.com
cclark@morrisnichols.com
llancaster@morrisnichols.com

*Attorneys for Plaintiff*

OF COUNSEL:

Gerry Silver
SULLIVAN & WORCESTER LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 660-3096

Kimberly B. Herman
Ryan M. Rosenblatt
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800

September 4, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 4, 2026, upon the following in the manner indicated:

Dana K. Severance, Esquire *VIA ELECTRONIC MAIL*
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801
*Attorneys for Defendant*

Barry J. Herman, Esquire *VIA ELECTRONIC MAIL*
Julie C. Giardina, Esquire
WOMBLE BOND DICKINSON (US) LLP
100 Light Street, 26th Floor
Baltimore, MD 21202
*Attorneys for Defendant*

Matthew K. Blackburn, Esquire *VIA ELECTRONIC MAIL*
WOMBLE BOND DICKINSON (US) LLP
50 California Street, Suite 2750
San Francisco, CA 94111
*Attorneys for Defendant*

*/s/ Cameron P. Clark*

Cameron P. Clark (#6647)